UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ, | No. 1:17-cv-01454-DAD-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING REQUEST TO AMEND |
| J. CURRY, | (Doc. No. 21) |
| Defendant. | |

Plaintiff Rogelio May Ruiz was a state prisoner proceeding *pro se* and *in forma pauperis* at the time of this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 9, 2018, the assigned magistrate issued findings and recommendations, recommending that plaintiff's first amended complaint be dismissed due to plaintiff's failure to state a claim upon which relief may be granted. (Doc. No. 16.) On May 30, 2018, the undersigned adopted those findings and recommendations in full, dismissed plaintiff's claim, and directed the Clerk of the Court to close the case. (Doc. No. 19.) On October 9, 2020, over 28 months later, plaintiff filed a motion "to Amend Every Mistake about Assessment." (Doc. No. 21.) The court construes this motion as a motion for reconsideration of the undersigned's May 30, 2018 order adopting the magistrate judge's findings and recommendations. (Doc. No. 19.)

1

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Plaintiff appears to argue that he brought two claims involving the same incident and the same parties:  No. 1:17-cv-1407-DAD-SKO (E.D. Cal) and No. 1:17-cv-1454-DAD-SAB (E.D. Cal.). (Doc. No. 21.)  Plaintiff also appears to now argue that because he brought the same claim twice, the court should reassess its rulings.  (*Id.*)  However, the claim brought by plaintiff in this

action was dismissed for failure to state a claim and nothing in plaintiff's related case changes or impacts that outcome. (Doc. No. 19.) Plaintiff fails to address any of the law or facts that the court relied upon in dismissing this action nor has he advanced any argument that compels this court to reconsider its prior order of dismissal. The court will therefore deny plaintiff's motion for reconsideration. To the extent plaintiff wishes to make similar motions for reconsideration in his other prior cases, any such request must be filed in those cases and not in this action.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 21) is denied;
2. This case remains closed; and
3. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated: **January 13, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE